# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                      **Criminal Action No. 3:05-CR-75-02**
                                                      **(BAILEY)**

**CARLYLE LAVAR ALVAREZ**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR
## REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court is defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Amendment 750 and Policy Statement 1B1.10(b)(1) (Doc. 233). In his motion, the defendant seeks the benefit of the guideline reduction provided by the 2011 amendments to the Sentencing Guidelines. Finding the defendant not entitled to any relief under the amendments to the Sentencing Guidelines, this Court will deny a reduction in sentence.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent

1

they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required.  ***United States v. Legree***, 205 F.3d 724 (4th Cir. 2000).  As noted by the Fourth Circuit in ***Legree***, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting ***United States v. Tidwell***, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999).  In accord is ***United States v. Dunphy***, 551 F.3d 247 (4th Cir.), *cert. denied,* 129 S.Ct. 2401 (2009).  *See* ***Dillon v. United States***,130 S.Ct. 2683 (2010).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." ***United States v. Gilliam***, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10.

In this case, the sentencing judge found a base offense level of 36, based upon a finding that the defendant was a career criminal, less three levels for acceptance of responsibility, for a total offense level of 33.  With a criminal history category of VI, the guidelines provided a sentencing range of 235-293 months.  The Judge sentenced the defendant to a sentence of 235 months.

Under the retroactive 2007 crack guideline amendments, the defendant's base offense level did not change due to his being found to be a career offender.  Nevertheless, the defendant's sentence was inadvertently reduced to 188 months.

Under the retroactive 2010 crack guideline amendments, the base offense level for a career offender did not change. Accordingly, this Court will not reduce the defendant's sentence.

For the reasons stated above, the defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Amendment 750 and Policy Statement 1B1.10(b)(1) **(Doc. 233)** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** February 10, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE