# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                          **Criminal Action No. 3:05-CR-75-02 (BAILEY)**

**CARLYLE LAVAR ALVAREZ,**

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE

Pending before this Court is defendant's *pro se* Motion for Modification of Sentence [Doc. 262]. In his motion, the defendant seeks the benefit of the guideline reduction provided by the 2011 amendments to the Sentencing Guidelines.

The defendant in this case, Carlyle Lavar Alvarez, was indicted in four counts of a four count Indictment on November 15, 2005 [Doc. 1]. On April 4, 2006, this defendant entered a plea of guilty to Count 2 of the Indictment, charging him with distribution of .72 grams of cocaine base [Doc. 91], pursuant to a plea agreement [Doc. 86]. In the plea agreement, the defendant stipulated that his relevant conduct was 643.67 grams of cocaine base.

On July 27, 2006, the Court sentenced this defendant to a term of incarceration of 235 months [Doc. 155]. The Court found that the defendant had a total offense level of 33 with a criminal history category of VI, providing a range of 235 to 293 months. This finding was based upon a base offense level of 36, a finding that the defendant was a career

1

offender providing a criminal history category of VI, and a three point reduction for acceptance of responsibility [Docs. 145 & 156].

This Court will construe the Motion as a a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Legree**, 205 F.3d 724 (4th Cir. 2000). As noted by the Fourth Circuit in **Legree**, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting **United States v. Tidwell**, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999). In accord is **United States v. Dunphy**, 551 F.3d 247 (4th Cir.), *cert. denied,* 129 S.Ct. 2401 (2009). *See* **Dillon v. United States**,130 S.Ct. 2683 (2010).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594,

597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10.

In this case, the defendant's original base offense level of 36 exceeded the guideline level applicable to a career offender of 32. Under the retroactive 2007 crack guideline amendments, the defendant's base offense level was reduced to 34, which, after a reduction for acceptance of responsibility to 31 and with a criminal history category of VI resulted in sentencing range of 188 to 235. This Court reduced the defendant's sentence to 188 months [Doc. 226].

On January 31, 2012, this defendant filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines Amendment 750 and Policy Statement 1B1.10(b)(1) (Doc. 233). This Court denied the Motion on the basis that his guideline level did not change due to his being found to be a career offender [Doc. 235]. On February 27, 2012, this defendant filed Defendant's Request for Reconsideration of the District Court's Order Denying a Motion for Modification Pursuant to the United States Sentencing Commissions 750 and 748 Amendments [Doc. 238]. This Court denied the Motion [Doc. 240]. This denial was affirmed by the United States Court of Appeals for the Fourth Circuit [Doc. 247].

The above denials of the defendant's Motions appear to be in error. Even with the benefit of the 2007 guideline reductions, the defendant's revised base offense level of 34 exceeded the guideline level for a career offender which was 32. Under the 2010 guideline amendments, the defendant's stipulated relevant conduct of 643.67 grams of cocaine base would provide for a base offense level of 32, the same as the career offender guideline level. Accordingly, this Court finds that the defendant should receive the benefit of the 2010 guideline amendment. With a base offense level of 32, less three levels for

3

acceptance of responsibility, the defendant's revised guideline level would be 29. With a criminal history category of VI, the guidelines call for a range of incarceration of 151 to 188 months. This Court will reduce defendant's sentence to 151 months.[1]

For the reasons stated above, the defendant's *pro se* Motion for Modification of Sentence **[Doc. 262]** is **GRANTED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** November 7, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

---

[1] A separate Order is filed herewith.